# PORTER *v.* RIDER.

---

PATENTS; INTERFERENCE.

A decision of the Commissioner of Patents awarding priority to the senior
party in an interference proceeding involving the invention of a
method of producing fuel vapor from oils, such as kerosene and crude
petroleum, adapted for use in internal combustion engines, was *affirmed.*

No. 1087. Patent Appeals. Submitted March 12, 1917. Decided April 2,
1917.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.      *Affirmed.*

The facts are stated in the opinion.

*Mr. H. D. Williams* for appellants, the appellant *Mr. Alexander T. Porter* also appearing in proper person.

*Mr. Hans V. Briesen* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Alexander T. Porter and Herbert E.
Rider from concurrent decisions of the Patent Office tribunals
in an interference proceeding awarding priority of invention
to the senior party, Granville S. Rider. The invention relates
to a method of producing fuel vapor from oils, such as kerosene
and crude petroleum, adapted for use in internal combustion
engines. The counts are three in number, of which we reproduce the 1st and 3rd:

"1. The method of producing a fuel vapor adapted for use in
internal combustion engines, which consists in (1) providing a
substantially continuous supply of finely subdivided fuel liquid,

(2) producing a flame and subjecting such liquid in its finely divided condition to the direct action of said flame for a length of time sufficient to effect only a vaporization of the liquid, (3) extinguishing the flame at a point in the progress of the vaporized material before any substantial amount of the material has been consumed, and (4) collecting the resulting product for use."

"3. The method of producing a fuel vapor adapted for use in internal combustion engines, which consists in (1) providing a substantially continuous supply of finely subdivided fuel liquid, (2) producing a flame and subjecting such liquid in its finely divided condition to the direct action of said flame for a length of time sufficient to effect only a vaporization of the liquid, (3) extinguishing the flame at a point in the progress of the vaporized material before any substantial amount of the material has been consumed, (4) bringing the extinguished product at this stage into contact with a supply of superheated air which is mixed therewith, and (5) collecting the resulting product for use."

The case has been very carefully presented, both by brief and oral argument, and, owing to its importance, has received very full and careful consideration by the tribunals of the Patent Office. We have reached the same conclusion as did those tribunals and, being satisfied with their reasoning, affirm the decision without further discussion.                    *Affirmed.*